## Tucker *vs.* Walters.

1. Where a suit for damages was brought, and it was alleged that the defendant had cut the plaintiff with a knife, and on the trial, it appeared that a difference as to a certain indebtedness arose between the parties; that the plaintiff made a statement, and defendant responded, "It is not so;" that plaintiff said it was so, and upon the defendant's repeating that it was not so, the plaintiff struck him, and then seized him from behind, catching his arms and crushing him down upon the floor, and while in this condition, the defendant took out a knife and stabbed the plaintiff in the leg; it was error for the court to charge that the words so spoken by the defendant, whether in a mild, kind or insulting manner, were not opprobrious words, and that the manner in which they were spoken would not make them so. It should be left to the jury to determine whether, under all facts and circumstances of the case, the words were opprobrious and abusive or not, and whether or not the battery on the part of the plaintiff upon the defendant was justifiable.

2. The facts in this case required a verdict for the defendant, and a new trial will not be required by the erroneous charge of the court. Even if the words were opprobrious and justified the giving of the blow, the plaintiff followed up his battery with another without justification; and if it were necessary to the escape of the defendant for him to use his knife, he was justifiable in so doing.

February 26, 1887.

Damages.    Torts.    Opprobrious Words.    Charge of Court.    Assault and Battery.    Justification.    Verdict. Before Judge Bower.    Dougherty Superior Court.    April Term, 1886.

Reported in the decision.

R. Hobbs; D. H. Pope, for plaintiff in error.

W. T. Jones; C. B. Wooten; R. F. Lyon, for defendant.

Blandford, Justice.

In this case, Tucker brought his action against Walters for beating and cutting him with a knife.   On the trial of the case, it appeared from the evidence that Walters had a claim against the plaintiff, Tucker, for a sum of money due by him to a certain insurance company, which was represented by Walters, for the premium on a policy of insurance.   Walters met the plaintiff and asked him to pay this claim.   The plaintiff invited him to come over to his office.   Walters went there; whereupon Tucker claimed that Walters was in debt to the firm of Callaway, Tucker & Davis a sum of money equal to the claim which Walters had against him, and asked that it be settled in that way.   To this Walters objected, and contended that he did not owe Callaway, Tucker & Davis anything, because he had bought a large amount of meat from them and paid them for it, and the same had fallen short to an amount greater than the claim which they had upon Walters; whereupon Tucker stated to him that the bill

had been rendered to him and he never had disputed it before, to which Walters replied, "It is not so," and Tucker repeated that it was so. Walters rejoined that it was not so; whereupon Tucker struck him a blow upon the head, which turned him around and knocked his hat across the room. He then seized Walters from behind, catching his arms and crushing him down upon the floor, and while in this condition, Walters pulled out his pocket-knife and stabbed him in the leg. The verdict was rendered for Walters, and thereupon the plaintiff moved for a new trial, which was refused by the court. [The main ground of the motion for new trial is that the court erred in charging the jury, "If the defendant said to the plaintiff in a mild, kind or insulting manner, 'That is not so,' it would not be opprobrious words; that is, the words, to-wit, 'That is not so,' not being themselves opprobrious words, the manner in which they might be said would not make them opprobrious." And this is the main ground of error assigned.

1. We think the court was wrong in so instructing the jury. Whether the words used by the defendant were opprobrious or not, was a question to be settled by the jury. The words may not apparently be opprobrious; yet they might be used in such a manner as to imply that the plaintiff had stated a falsehood or told a lie, and under such circumstances they would be opprobrious and abusive. So we think that the whole thing should be left to the jury, under the facts and circumstances of the case, and they were to determine whether the words were opprobrious and abusive or not, and whether the battery on the part of the plaintiff upon the defendant was justifiable or not.]

2. But while we so rule, we are satisfied, under the evidence in this case, that the verdict was right. If the words used were opprobrious, and if the plaintiff was justifiable in inflicting a blow upon the defendant for the same, yet it appears that he followed up this battery and committed another battery upon the defendant by taking hold of him and crushing him to the floor, and we see no justification

for this second battery.   The defendant had a right to get away from the plaintiff while in this condition ; and if to do so it was necessary for him to use his knife upon the plaintiff, then he was justifiable in so doing, and the jury found right.   The error committed by the court in this case is not such as to require a reversal, inasmuch as the same would do no good, and upon another trial of the case, the same verdict, it seems to us, would be required by this evidence.   There should be an end to litigation ; public policy requires this.   So we affirm the judgment of the court refusing the new trial in this case.